IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| TRANSTEXAS GAS CORPORATION, et al., | § § § | Bankruptcy No. 02-21926-C-11 |
| Debtors. | § § § | |
| TRANSTEXAS GAS CORPORATION, | § § § | |
| Plaintiff, | § § | Civil Action Nos. 05-MISC-58, -59, -60, -61 |
| vs. | § § | |
| ROBIN NICHOLDS, CLAY FISHER, GERALD BARKLEY, MICHAEL BOCKOFF, LORICE ROSE and ROY TODD, | § § § § § § | Bankruptcy Adversary No. 04-2129 |
| Defendants. | § | |

**ORDER DENYING MOTIONS FOR LEAVE TO APPEAL**

On this day came on to be considered the Motions for Leave to Appeal filed by Defendants in the above-styled bankruptcy adversary proceeding. Having considered the record and the submissions of the parties, the Court concludes that leave to file an interlocutory appeal should be DENIED.

**I.   Background**

TransTexas Gas Corporation ("TransTexas") and two subsidiaries filed chapter 11 bankruptcy petitions on November 14, 2002. Pursuant to the Creditor's Joint Plan of Reorganization (confirmed by the bankruptcy court on August 14, 2003), the equity ownership

of TransTexas changed and management of the reorganized TransTexas was assumed by National Energy Group, Inc. ("NEG").

NEG alleges that its review of TransTexas' business records raised questions about a self-funded Medical Reimbursement Plan for the benefit of certain key employees. NEG alleges that records were missing or destroyed and the covered employees did not provide copies to substantiate their reimbursed claims. This led NEG to believe that the Medical Reimbursement Plan was a vehicle used by the covered employees to embezzle funds from TransTexas.

On November 14, 2004, TransTexas initiated the above-styled adversary proceeding against the six Defendants (all former TransTexas executives who received payments from the Plan), asserting claims of conversion, civil conspiracy, fraud, negligent misrepresentation, fraudulent transfer, constructive trust and unauthorized post-petition transfers. The Defendants filed Motions to Dismiss, alleging that TransTexas' Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[1] On May 27, 2005, the bankruptcy court denied the Motions. Between June 21 and June 27, 2005, each Defendant moved this Court for leave to appeal the bankruptcy court's decision.[2]

---

[1] Bankruptcy Rule 7012(b) makes Federal Rule of Civil Procedure 12(b) applicable to adversary proceedings.

[2] After timely filing their Motions for Leave to Appeal in the bankruptcy court, see generally Bankruptcy Rule 8003

**II.   Discussion**

Defendants request leave to appeal pursuant to 28 U.S.C. § 158(a), which provides in relevant part: "The district courts of the United States shall have jurisdiction to hear appeals ... with leave of the [district] court, from ... interlocutory orders and decrees...." 28 U.S.C. § 158(a)(3). All parties agree that the standards for granting leave to appeal a bankruptcy court's interlocutory order (such as the bankruptcy court's Order Denying Defendants' Motions to Dismiss in this action) are guided by the statute governing interlocutory appeals from a district court to a circuit court, 28 U.S.C. § 1292(b). See In re Inchinose, 946 F.2d 1169, 1177 (5th Cir. 1991) (noting that "the vast majority of district courts ... have adopted the standard under 28 U.S.C. § 1292(b) ... for § 158(a) purposes," but expressly refraining from deciding the issue); see also In re Schepps Food Stores, Inc., 148 B.R. 27, 29 (S.D. Tex. 1992); In re MCorp Fin., Inc., 139 B.R. 820, 823 (S.D. Tex. 1992); In re Hunt Int'l Res. Corp., 57 B.R. 371,

---

(outlining the procedure for seeking leave to appeal), and after TransTexas filed its responses in opposition with the bankruptcy court, the Motions were filed with this Court. Specifically, Defendant Robin Nicholds' Motion for Leave to Appeal, C.A. 05-mc-58, was filed with this Court on June 21, 2005. Defendant Clay Fisher's Motion for Leave to Appeal, C.A. 05-mc-59, also was filed with this Court on June 21, 2005. Defendants Gerald Barkley, Michael Bockoff and Roy Todd's Motion for Leave to Appeal, C.A. 05-mc-60, was filed on June 23, 2005. Defendant Lorice Rose's Motion for Leave to Appeal, C.A. 05-mc-61, was filed on June 28, 2005.

372-73 (N.D. Tex. 1985) (all applying § 1292(b) to interlocutory bankruptcy court orders).

Section 1292(b) provides for interlocutory review when a non-final order "involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); see Brabham v. A.G. Edwards & Sons Inc., 376 F.3d 377, 380 n.1 (5th Cir. 2004). "The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals.  Section 1292(b) appeals are exceptional." Clark-Dietz and Associates-Engineers, Inc. v. Basic Constr. Co., 702 F.2d 67, 69 (5th Cir. 1983).  "As with interlocutory appeals from district courts, bankruptcy interlocutory appeals are generally not favored, because they disrupt the bankruptcy proceedings." In re Babcock & Wilcox, No. 04-302, 2004 WL 626288, at *2 (E.D. La., Mar. 29, 2004) (citing In re Cross, 666 F.2d 873, 878 (5th Cir. 1982)).

With respect to the "controlling question of law" requirement, "[t]he legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004).  There must also be a "substantial dispute" over the answer to the legal question.  See

Clark-Dietz, 702 F.2d at 69. The "substantial ground for difference of opinion" requirement "refers to an unsettled state of law or judicial opinion, not mere discontent by the appealing party." In re Babcock & Wilcox, 2004 WL 626288, at *2 (citing In re Harken, No. 98-3820, 1999 WL 64955, at *2 (E.D. La. 1999)). In addition, "the answer to that [legal] question must substantially reduce the amount of litigation left in the case." McFarlin, 381 F.3d at 1259. Finally:

> Even when all of those factors are present, the court of appeals has discretion to turn down a § 1292(b) appeal. ... The proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule, and are threatened by too expansive use of the § 1292(b) exception to it. Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy.

Id.

Here, Defendants seek leave to appeal the bankruptcy court's denial of motions to dismiss. As the bankruptcy court correctly noted, a court cannot dismiss a complaint for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Ord. Denying Mots. to Dismiss at 2 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).) On a motion to dismiss, a court must accept all well-pled facts in the complaint as true and view them in the light most

favorable to the plaintiff.  (Id. (citing Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996)).)

     Although each of the six Defendants filed Motions to Dismiss, they did not all raise the same arguments in their Motions.  Any argument that was not raised before the bankruptcy court cannot subsequently be considered by this Court on appeal.  "It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered."  Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).  This rule is fully applicable to a district court sitting in an appellate capacity in a bankruptcy appeal. See In re Ginther Trusts, 238 F.3d 686, 689 (5th Cir. 2001) (citing Matter of Gilchrist, 891 F.2d 559, 561 (5th Cir. 1990)).  Because of this "bedrock principle," the Court will not grant leave to appeal based upon any argument not raised by all of the Defendants before the bankruptcy court.  If the immediate appeal from the bankruptcy court's Order has no chance of preventing the need for discovery and trial as to all Defendants, then it promises only the delay and inefficiency inherent in piece-meal litigation.  See Clark-Dietz, 702 F.2d at 69 ("The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals."); 28 U.S.C. § 1292(b) (interlocutory appeal must hold the potential to "materially advance the ultimate termination of the litigation").

There are two arguments which were raised by all Defendants: (1) ERISA preemption, and (2) judicial estoppel/res judicata. As an initial matter, the Defendants seek leave to appeal on these two grounds by presenting the legal questions as follows:

> The questions presented are whether: (1) the Bankruptcy Court erred in determining that res judicata and judicial estoppel do not bar Plaintiff's claims; (2) the Bankruptcy Court erred in determining that Plaintiff's claims are not barred by ERISA....

(Nichold's Mot. for Leave to Appeal at 4; Rose's Mot. for Leave to Appeal at 4; Barkley, Bockoff and Todd's Mot. for Leave to Appeal at 4.) However, for an interlocutory order to be appropriate for § 1292(b) appeal, "[t]he legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." McFarlin, 381 F.3d at 1259. The Defendants' "questions presented" make no effort to elevate the legal issues out of the details of the facts alleged in TransTexas' Complaint. This alone is sufficient reason to deny leave to appeal. However, the Court will nonetheless specifically address Defendants' ERISA preemption and judicial estoppel/res judicata arguments.

Defendants argued before the bankruptcy court that the Employee Retirement Income Security Act ("ERISA") preempts all of Plaintiff's claims. Section 514(a) of ERISA states that the statute "shall supersede any and all State laws insofar as they may

now or hereafter relate to any employee benefit plan" that is covered by ERISA. 29 U.S.C. § 1442(a). The Fifth Circuit "find(s) preemption where (1) the claim addresses areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship among traditional ERISA entities--i.e., the employer, plan administrators, fiduciaries, participants, and beneficiaries." Bullock v. Equitable Life Assurance Soc'y, 259 F.3d 395, 399 (5th Cir. 2001).

The bankruptcy court found no preemption, both as to TransTexas' state-law causes of action (on the grounds that "[t]he traditional ERISA entity relationship, which Congress sought to protect by enacting ERISA, does not include a conspiracy among employees to defraud a corporation" (Ord. Denying Mots. to Dismiss at 3)), and as to TransTexas' bankruptcy-law causes of action.

Most notably, TransTexas' Complaint alleges claims for fraudulent transfer and avoidance of postpetition transfers pursuant to the Bankruptcy Code, 11 U.S.C. §§ 548-550. These are federal-law causes of action, and, as the bankruptcy court noted, ERISA expressly prohibits the preemption of federal law. See 29 U.S.C. § 1144(d) ("Nothing in [ERISA] shall be construed to alter, amend, modify, invalidate, impair, or supercede any law of the United States...."); see also In re Dyke, 943 F.2d 1435, 1450 (5th Cir. 1991), abrogated on other grounds, Patterson v. Shumate, 504

U.S. 753 (1992) ("Under the specific language of ERISA section 514(d), this Court cannot construe ERISA to modify or impair the policies of other federal laws.  The Bankruptcy Code, in particular, is a federal law that ERISA cannot disturb."). Defendants fail to show that there "is substantial ground for difference of opinion," 28 U.S.C. § 1292(b), as to this holding by the bankruptcy court.  Therefore, even if this Court were to reverse the bankruptcy court's holding as to the preemption of the state-law claims, the federal-law bankruptcy claims would remain intact, meaning that an immediate appeal from the bankruptcy court's Order would not "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

Defendants also argued to the bankruptcy court that TransTexas should be judicially estopped from asserting its claims against Defendants because they were not disclosed in the Debtor's Schedules and Statement of Financial Affairs.  One of the required elements for judicial estoppel is that the prior non-disclosure of a claim or fact was not "inadvertent".[3]  See In re Superior

---

[3] In addition to judicial estoppel, Defendants refer to the doctrine of res judicata.  However, one of the required elements of res judicata is that a plaintiff raises the same claim in two lawsuits.  See Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 313 (5th Cir. 2004) (citing Howe v. Vaughn, 913 F.2d 1138, 1143-44 (5th Cir. 1990)).  Here, it is undisputed that TransTexas failed to raise its current claims in the Debtor's Schedules and Statement of Financial Affairs.  Hence, only judicial estoppel is possibly applicable.  See In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004) (judicial estoppel applies when, inter alia, a party adopts a position which is "clearly

Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004).  In the bankruptcy context, "the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment."  Id. (emphasis in original) (quoting In re Coastal Plains, Inc., 179 F.3d 197, 210 (5th Cir. 1999)).  Here, the bankruptcy court found that based upon the allegations in the Complaint, TransTexas' "failure to specifically disclose the cause of action was inadvertent because Plaintiff lacked knowledge of the undisclosed claim and had no motive for its concealment."  (Ord. Denying Mots. to Dismiss at 4.)  As the bankruptcy court noted, TransTexas' "cause of action emanates from Defendants' alleged concealment of their malfeasance."  (Ord. Denying Mots. to Dismiss at 3.)  This ruling appears to be a straight-forward application of settled Fifth Circuit precedent to the facts alleged in the Complaint.  Defendants have failed to show that there is a "substantial ground for difference of opinion" as to the bankruptcy court's holding on this issue.  Thus, the issue is an inappropriate basis for interlocutory appeal.

In sum, "[t]he basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals."  Clark-Dietz and Associates-Engineers, Inc. v.

---

inconsistent" with a position the party previously took in the same or a prior litigation).

Basic Constr. Co., 702 F.2d 67, 69 (5th Cir. 1983).  Defendants have not shown that this case is sufficiently exceptional to warrant deviating from the basic rule.

**III. Conclusion**

For the reasons discussed above, leave to file an interlocutory appeal is hereby DENIED.

SIGNED and ENTERED this 11th day of August, 2005.

_____
Janis Graham Jack
United States District Judge